IN THE SUPREME COURT OF THE STATE OF MONTANA

IN THE MATTER OF RULE 1.8(e),          )
RULES OF PROFESSIONAL CONDUCT          )          O R D E R
                                       )

Within the last eight months, this Court has had occasion to consider and to act upon two applications for extraordinary relief under Rule 17, M.R.App.P., filed by an attorney for the purpose of allowing the attorney for an injured plaintiff to co-sign a bank loan made to the client for the payment of basic living expenses during the pendency of the case under circumstances where the attorney demonstrated that the client was suffering extreme financial distress attributable to the client's injuries.

In each case the attorney sought an opinion of the State Bar Ethics Committee that by co-signing a bank loan to the client under the circumstances, the attorney would not be in violation of Rule 1.8(e) of the Rules of Professional Conduct. That Rule, in pertinent part, provides:

> A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that: (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and (2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

The Ethics Committee took the position that it was not appropriate to render an opinion on the attorney's request beyond the Committee's interpretation of the Rule provided in Ethics Opinion 860723. In that opinion, the Committee answered in the

1

negative the following question: "May an attorney borrow money in their firm name and then advance the loan proceeds to their clients during the pendency of the client's lawsuit or guarantee a loan which is made to the client during the pendency of a claim or litigation?" The Committee also subsequently indicated in correspondence with the attorney that it had "wrestled with the issue of financial assistance to clients and recognizes that its current rule requires additional discussion. . .[and that the Committee] . . . would like the opportunity to review Montana's rule 1.8, in conjunction with the Montana Supreme Court and Montana's bar, to consider the need, if any, for revision."

In connection with one of Rule 17 applications considered by this Court, (Cause No. 95-423), Professor David J. Patterson filed a brief amicus curiae, suggesting that Rule 1.8(e) should be revised in the manner hereinafter set forth. Patterson is a member of and special counsel for the Montana Bar Ethics Committee (having recused himself from any participation at the Committee in the particular case then at issue); he serves a liaison to the Commission on Practice; he teaches professional ethics to students at the University of Montana Law School; and he presents professional ethics seminars to attorneys. In that same case, the Ethics Committee took the position that the relief requested by the attorney in his Rule 17 application, if granted, would violate Rule 1.8.

In light of the facts and circumstances of the two Rule 17 applications filed in this Court; on the basis of the authority,

2

reasoning and argument set forth in Professor Patterson's brief amicus curiae; and on the basis of the Ethics Committee's opinion 860723 and its willingness to revisit Rule 1.8, we, likewise, conclude that it is appropriate to consider revisions to Rule 1.8(e) and to adopt a process that will enable this Court, the Ethics Committee, the Bar and other interested persons to adequately gauge and to intelligently comment upon the extent of the need for and the propriety and desirability of allowing attorneys to provide limited financial assistance to their clients during litigation under certain defined circumstances.

We believe that proposing an amended version of Rule 1.8(e) for comment by the Ethics Committee, the Bar and other interested persons in conjunction with a relatively short trial period during which this Court will entertain applications on a cases-by-case basis under Rule 17, using the criteria set forth in a proposed amended Rule, will best and most expeditiously accomplish those objectives while at the same time, and in the context of an actual set of criteria, provide this Court, the Ethics Committee, the Bar and interested persons with experience and data as to the propriety and desirability of and the extent of the need for revisions to Rule 1.8(e).

Accordingly, pursuant to the authority granted this Court by Article II, Section 2(3), of the Montana Constitution,

IT IS ORDERED:

1. That Rule 1.8(e) of the Rules of Professional Conduct is temporarily suspended, pending further order of this Court,

3

provided, however, that during the period of such suspension, a lawyer may not provide financial assistance to a client or make or guarantee a loan to a client in connection with pending or contemplated litigation that the lawyer is conducting for the client except as follows:

a) Without further order of this Court, the lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter and the lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client; and

b) On a case-by-case basis, on good cause shown by application under Rule 17 M.R.App.P., and only on further order of this Court, the lawyer may make or guarantee a loan to the client on fair terms, the repayment of which to the lawyer may be contingent on the outcome of the matter, provided that the lawyer's application to this Court demonstrates that: (i) the loan is needed to enable the client to withstand delay in litigation that otherwise might unjustly induce the client to settle or dismiss a case because of financial hardship rather than on the merits; (ii) the loan is used only for basic living expenses; (iii) the client faces demonstrable financial hardship that relates to, and arises out of, the injuries and claims for which the lawyer is representing the client; and (iv) the lawyer has not promised, offered, or advertised the loan before being retained by the client;

2.    That after the expiration of the comment period referred to herein and upon further order of this Court, Rule 1.8(e) be

4

amended as follows:

A lawyer may not make or guarantee a loan to a client in connection with pending or contemplated litigation that the lawyer is conducting for the client, except that the lawyer may:

(1) make or guarantee a loan covering court costs and expenses of litigation, the repayment of which to the lawyer may be contingent on the outcome of the matter; and

(2) make or guarantee a loan on fair terms, the repayment of which to the lawyer may be contingent on the outcome of the matter, if: (i) the loan is needed to enable the client to withstand delay in litigation that otherwise might unjustly induce the client to settle or dismiss a case because of financial hardship rather than on the merits; (ii) the loan is used only for basic living expenses; (iii) the client faces demonstrable financial hardship that relates to, and arises out of, the injuries and claims for which the lawyer is representing the client; and (iv) the lawyer does not promise, offer, or advertise the loan before being retained by the client; and

3. That the Bench and Bar of this State and any other interested persons or entities are granted 150 days from the date of this order in which to prepare, file and serve written comments, suggestions or criticisms regarding any portion of the proposed amended Rule and whether, and if so to what extent, § 37-61-408, MCA, may be implicated by the proposed amendments to the Rule. We specifically invite comments, suggestions and criticisms from the Ethics Committee, and we reserve the possibility of ordering oral argument on the proposed amendments to the Rule after the comment period has expired; and

4. That the Clerk of this Court is directed to prepare and mail copies of this Order to each Clerk of the District Court of this State for examination by any interested person, to the Ethics

5

Committee and to the State Bar of Montana with the request that a copy of this Order be published in the _January 1996_ issue of the <u>Montana Lawyer</u>.

Dated this 21st day of November, 1995.

_/s/ J. A. Turnage_
Chief Justice

_/s/_
_/s/_
_/s/_
_/s/ William E. Hunt Sr._
_/s/ W. William Leaphart_
_/s/ Karla M. Gray_
Justices